# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELANIE AND JOSEPH DAVIS** ) <br> as Parents and Natural Guardians of ) <br> **MACKENZIE DAVIS** ) <br> 2719 Sycamore Street ) <br> Alexandria, VA 22305 ) <br> ) <br> _Plaintiffs_, ) <br> ) <br> **v.** ) <br> ) <br> **UNITED STATES OF AMERICA** ) <br> _Serve:  Alberto Gonzalez_ ) <br>         _Attorney General of the_ ) <br>          _United States_ ) <br>         _950 Pennsylvania Avenue, NW_) <br>         _Washington, DC  20530_ ) <br>         ) <br>         _Defendant_. ) <br> ) | **Case No.** _____ |

## COMPLAINT

## I.    INTRODUCTION

**COMES NOW** Melanie Davis and Joseph Davis as parents and natural guardians of their minor child, Mackenzie Davis (age 3) and state:

1.    All matters relating to the occurrence herein complained of occurred within the District of Columbia.

2.    Jurisdiction is based on the Federal Tort Claims Act, 28 U.S.C. sec. 2671 et. seq.  Venue is proper in the District of Columbia under 28 U.S.C. sec 1402.

3.    Plaintiffs, the parents of Mackenzie Davis (DOB:  May 20, 2004), enrolled the minor child in the day care program at the United States House of Representatives.

4.      While in the care and custody of Defendant, said Defendant knew or should have known that it had a responsibility to protect the children in its care, including Mackenzie Davis. Said duty included the duty to provide a safe physical environment, a duty to provide trained staff and supervisors, and a duty to carefully watch over minor children including Mackenzie Davis.

5.      Defendants failed to perform their duties in a competent manner and fell below the applicable standard of care.

6.      The minor child, Mackenzie Davis, was beginning to walk and was at all times relevant hereto exhibiting a natural curiosity. Defendants knew or should have known that children of her age were inquisitive yet unable to evaluate their environment and latent dangers therein.

7.      Controlling egress to the "play area" Defendant installed "half doors" which opened and closed.

8.      While unsupervised and exploring on April 21, 2005, the minor child's fingers became "caught" in a hinge or other closing device, which device "caught" the child's finger and amputated a small portion of the finger.

9.      There were no protective devices on the hinge.

10.     Said injury was not only painful at the time but was subject to subsequent risk of infection and indeed the child suffered from infection on multiple subsequent occasions.

11.     Due to the injury, the minor child required medical attention including initial and follow up treatment at Children's Hospital as well as return visits for the aforementioned subsequent infections.

12.  The minor child suffered substantial pain upon amputation as well as substantial pain when Hospital doctors and technicians at Children's Hospital "sewed" the wound closed.

13.  The minor child (through her parents) incurred medical bills totaling $ 1,513.00.

14.  The minor child "lost" a portion of her finger which was reattached but does not appear perfect – thus constituting a "permanent injury".

15.  The minor child, acting through counsel engaged by her parents, tendered timely claim to Defendant.

16.  The Parties engaged in negotiation of said claim and have reached an agreement as to settlement.

17.  Under District of Columbia law, settlement of cases involving rights of a minor where the minor's claim exceeds a $3,000 value requires judicial approval. District of Columbia Code Sec. 21-120(a).

**WHEREFORE**, Plaintiffs acting as parents and best friend of the minor child, Mackenzie Davis, pray that this Court accept the instant Complaint and approve terms of settlement whereby Defendant will pay to the minor child by check made payable to her parents and attorney in the sum of Seventeen Thousand Five Hundred and No/100 Dollars ($17,500.00) and further pray that the Court grant Plaintiff's permission to disburse said funds in the manner set forth in Exhibit A, to wit:

a)  $13,567.37 to be retained for the benefit of the minor child.

b)  legal fee of twenty percent (20%) to Plaintiff's attorney, David E. Fox, to wit $3,500.00

c)  Reimbursement of $432.63 to Plaintiff's attorney, David E. Fox, for

    (1)  Court filing fee of $350.00

    (2)  Cost of medical records of $82.63

Respectfully submitted,

MELANIE AND JOSEPH DAVIS on behalf of their
minor child, MACKENZIE DAVIS

_____

David E. Fox, Esq.
DC Bar No. 165258
1325 18th Street, NW
Suite 103
Email: David E. Fox@Gmail.com
Washington, DC  20036
(202) 955-5300
*Attorney for the Plaintiffs*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Melanie and Joseph DAVIS

## DEFENDANTS

U.S.A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Alexandria, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    N/A
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David E. Fox, Esq.
1325 18th Street, NW, Suite 103
Washington, DC  2236

ATTORNEYS (IF KNOWN)

AUSA Dianne Sullivan
202-514-7205

## II.  BASIS OF JURISDICTION
**(PLACE AN x IN ONE BOX ONLY)**

○ 1  U.S. Government
   Plaintiff

○ 3  Federal Question
   (U.S. Government Not a Party)

◉ 2  U.S. Government
   Defendant

○ 4  Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

□ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)
**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

○ **E.** *General Civil (Other)*  OR  ○ **F.** *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment**<br>**(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)**<br><br>*\*(If pro se, select this deck)\** | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions**<br>**(if Privacy Act)**<br><br><br><br>*\*(If pro se, select this deck)\** | ☐ **152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans)** |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting &<br>Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights<br>Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-<br>Employment**<br>☐ **446 Americans w/Disabilities-<br>Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment &<br>Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of<br>Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting<br>(if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original<br>Proceeding**    ○ **2 Removed<br>from State<br>Court**    ○ **3 Remanded from<br>Appellate Court**    ○ **4 Reinstated<br>or Reopened**    ○ **5 Transferred from<br>another district<br>(specify)**    ○ **6 Multi district<br>Litigation**    ○ **7 Appeal to<br>District Judge<br>from Mag. Judge**

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2671

**VII. REQUESTED IN<br>COMPLAINT**    CHECK IF THIS IS A **CLASS**<br>☐ **ACTION** UNDER F.R.C.P. 23    **DEMAND $** 17,500    Check YES only if demanded in complaint<br>**JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S)<br>IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

**DATE** 05/10/07    **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.